■    Stanley C. Kozera, Respondent, v. Town of Hamburg, Appellant.— Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: The plaintiff was injured on June 9, 1970 when he was hit in the right eye by a foul ball during "batting practice" preceding a Little League baseball game. The game was being played at the Sagamore Street Playground which had been constructed by and was under the control of the defendant, Town of Hamburg. Mr. Kozera was attending the game with his son who was a player-participant. He was seated on the players' bench about 10 feet outside the third base foul line and running parallel with it. At the time of his arrival, one of the teams was taking "batting practice". The pitcher was standing about halfway between the pitcher's mound and home plate, and the batter was behind home plate three or four feet in front of the backstop screen. During the ten minutes plaintiff occupied his seat on the third-base bench, a batted ball was hit outside the third-base line causing plaintiff and the others on the bench to "duck" in order to avoid being struck. Shortly thereafter while plaintiff remained seated watching the team coach

seated to his left filling out the "lineup" card for that evening's game, plaintiff was struck in the right eye by a foul ball causing him injuries. In his complaint against defendant town he alleges that defendant was negligent in constructing, operating and maintaining the baseball diamond and that there were inadequate facilities and equipment to provide protection for spectators at the Sagamore Street Playground and that there was improper supervision of the playing of baseball at the playground. The defendant moved for summary judgment. Special Term denied the motion, noting that plaintiff as a spectator assumed the risks attendant upon watching the game, but concluded that there were triable fact issues with respect to maintenance and supervision of the playground area. We believe the latter determination was error. As a matter of law a spectator assumes the risks necessarily incident to the baseball game so long as those risks are not unduly enhanced by the owner of the ballpark (*Ingersoll* v. *Onondaga Hockey Club*, 245 App. Div. 137). A participant, of course, accepts the dangers inherent in an athletic event so far as they are obvious and necessary (*Curcio* v. *City of New York*, 275 N. Y. 20). There was a screened area behind home plate where plaintiff could have watched this Little League game and protected himself during batting practice had he so desired. Having seated himself on the players' bench, and having been alerted to the danger by being compelled to duck a foul ball a few moments before he was hit, it is obvious that plaintiff assumed the risks incidental to batting practice at this ball game. Special Term so concluded. Although the plaintiff alleged that the ballpark area of this town playground was negligently designed and constructed, no evidence whatever appears in the record as to any structural defect in this facility maintained by the town. Nor is there any factual allegation with respect to lack of supervision to be found in the record. Under similar factual circumstances summary judgment dismissing the complaint has been granted (*Robert* v. *Deposit Cent. School Dist. No. 1*, 18 A D 2d 947, affd. 13 N Y 2d 709; *Baker* v. *Topping*, 15 A D 2d 193, mot. for lv. to app. den. 11 N Y 2d 644). (Appeal from order of Erie Special Term denying motion for summary judgment in negligence action.) Present — Goldman, P. J., Del Vecchio, Marsh, Moule and Cardamone, JJ.